IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CIVITAS CAPITAL MANAGEMENT, LLC; CMB TEXAS REGIONAL CENTER, LLC; VISITAR'S BUSINESS ALLIANCE OF TEXAS REGIONAL CENTER AND DC PARTNERS,** d/b/a Houston EB-5 Regional Center**; INVEST IN THE USA; USA EB5 IMMIGRATION, LLC,** d/b/a EB-5 Capital**; CANAM ENTERPRISES, LP; AMERICAN LIFE INC. REGIONAL CENTER – SEATTLE,** d/b/a Golden Rainbow & Gateway Freedom Fund**; ADVANTAGE AMERICA NEW YORK REGIONAL CENTER, LLC; AMERICAN DREAM FUND, LLC; EB-5 NEW YORK STATE, LLC; PG EB5 SPONSER, LLC; PINE STATE REGIONAL CENTER, LLC; and ADVANTAGE AMERICA EB-5,**<br><br>Plaintiffs,<br><br>v.<br><br>**KRISTI NOEM,** Secretary, Department of Homeland Security, *et al.*,<br><br>Defendants.[1] | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>Civil Action No. 3:24-CV-00984-L |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiffs' Motion for Final Summary Judgment ("Plaintiffs' Motion") (Doc. 19), filed on September 16, 2024; and Defendants' Cross-Motion for Summary Judgment/Opposition to Plaintiffs' Motion for Summary Judgment ("Defendants' Cross-Motion") (Doc. 21), filed on November 22, 2024. Having considered the legal briefing, applicable law, and

---

[1] Pursuant to Fed. R. Civ. P. 25(d), United States Secretary of Homeland Security Kristi Noem is automatically substituted for Alejandro Mayorkas; and Director of United States Citizenship and Immigration Services Joseph B. Edlow is automatically substituted for Ur M. Jaddou.

Memorandum Opinion and Order – Page 1

recent developments after the close of briefing, Plaintiffs' Motion and Defendants' Cross-Motion are **denied without prejudice**.

I. **Factual Background and Procedural History**

The United States Citizenship and Immigration Services (UCSIS)—an agency of the United States Department of Homeland Security (DHS)—is charged with the responsibility to collect fees for various immigration applications and benefits. *See* 89 Fed. Reg. 6194, 6195 (Jan. 31, 2024).[2] At issue in this case is whether UCSIS properly promulgated a final rule in 2024 restructuring its filing fees for applicants seeking EB-5 visas. An understanding of the EB-5 visa program and a review of relevant developments after the close of briefing are required to contextualize the pending motions and the court's decision.

A. **The EB-5 Program**

In 1990, Congress amended the Immigration and Nationality Act (INA) to establish the employment-based, fifth preference immigrant visa program, commonly known as the EB-5 visa program. *See* Immigration Act of 1990, Pub. L. No. 101-649, § 121(a), 104 Stat. 4978, 4987–90. This program provides "employment creation" visas to prospective immigrants seeking to engage in a new commercial enterprise in the United States. 8 U.S.C. § 1153(b)(5)(A).

A prospective EB-5 investor must first submit a Form I-526 (Immigrant Petition by Standalone Investor) or a Form I-526E (Immigrant Petition by Regional Center Investor). 8 C.F.R. §§ 106.2(a)(25), 204.6(a). Upon approval, investors may be eligible to obtain two-year conditional lawful permanent resident status through adjustment of status within the United States or consular processing abroad and subsequent admission to the United States. 8 U.S.C. § 1186b(a)(1); 8 C.F.R. §§ 216.1, 245.2(a)(3).

---

[2] The effect of the notice of proposed rulemaking as to potential changes to this rule is discussed further in this Memorandum Opinion and Order.

If granted conditional lawful permanent resident status, during the 90 days before the two-year period expires, the investor may file a Form I-829 (Petition by Investor to Remove Conditions on Permanent Resident Status) to remove the conditions on their permanent resident status. 8 U.S.C. § 1186b(d)(2); 8 C.F.R. § 216.6(c). On the Form I-829, the investor must, in general, demonstrate that he or she has invested the requisite amount of capital over the required period of time and created the requisite number of jobs. 8 U.S.C. § 1186b(d)(1).

In the EB-5 program, entities may be designated by DHS to serve as "regional centers," which pool individual EB-5 investors' money within certain geographic areas. *Id.* § 1153(b)(5)(E). Once designated, a regional center must "[c]ontinue to meet" statutory requirements and "[p]rovide USCIS with updated information annually, and/or as otherwise requested by USCIS." 8 C.F.R. § 204.6(m)(6). Regional centers file—and pay fees in connection with—various forms with USCIS, including application forms to be designated or to make amendments to a designated regional center (Form I-956), approval applications for each project they sponsor (Form I-956F), and annual statements (Form I-956G). *See* 8 U.S.C. § 1153(b)(5)(E), (F), (G); *Delaware Valley Reg'l Ctr., LLC v. DHS*, 106 F.4th 1195, 1200 (D.C. Cir. 2024) (discussing USCIS forms).

On March 15, 2022, Congress passed the EB-5 Reform and Integrity Act of 2022 ("RIA") to improve the integrity and processing times for EB-5 visas. *See* Pub. L. No. 117-103, Div. BB, 136 Stat. 49, 1070. As part of RIA, Congress required USCIS to complete a fee study regarding fees imposed by USCIS onto visa applicants. Based on the fee study results, RIA required USCIS to create and adhere to new EB-5 application fees and visa applicant processing deadlines. *See* Pub. L. No. 117-103 § 106(b). RIA specified that the fee study must be completed by March 15, 2023. It further specified that its provisions did not "require any modification of fees before the completion" of the fee study. Pub. L. No. 117-103 § 106(f)(1). Pending completion of the fee

study, USCIS remained responsible for setting fees for all immigration applications and petitions. *See* 8 U.S.C. § 1356(m).

Since RIA's passage, USCIS completed its required biennial review for fiscal years 2022–2023 and, in this review, determined that its visa application fees were set at levels that did not fully recover the cost of services USCIS provided. *See* 89 Fed. Reg. at 6195. In January 2023—and prior to completion of the fee study—USCIS issued a proposed rule detailing and proposing adjusted fees for immigration services and visa applications. *See* U.S. Citizenship and Immigration Services Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements, 88 Fed. Reg. 402 (Jan. 4, 2023). On January 31, 2024, after the end of a notice-and-comment period, but prior to completion of the requisite fee study, USCIS issued the final rule regarding these fee changes (the "Final Rule"), which is the subject of this civil action. *See* U.S. Citizenship and Immigration Services Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements, 89 Fed. Reg. 6194 (Jan. 31, 2024), *as corrected*, 89 Fed. Reg. 20101 (Mar. 21, 2024) ("Final Rule").

B.  The Instant Lawsuit

After the Final Rule went into effect on April 1, 2024, Plaintiffs filed this lawsuit. *See* Compl., Doc. 1. Plaintiffs are owners and operaters of various EB-5 regional centers across the United States, some of which are located in the Northern District of Texas. Am. Compl. ¶¶ 10-22, Doc. 6. In the First Amended Complaint, the live pleading, Plaintiffs allege that the EB-5 fees in the Final Rule constitute unlawful agency action in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*; RIA, Pub. L. No. 117-103, Division BB, 136 Stat. 49 at 1070 (2022) (codified at 8 U.S.C. § 1153(b)(5)); § 286(m) of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1356(m)); the Regulatory Flexibility Act ("RFA"); and internal guidelines as

established by the Office of Management and Budget ("OMB"). *See generally* Am. Compl., Doc. 6.

### C. Post-Briefing Developments

After the close of briefing, Plaintiffs filed a Notice of Supplemental Authority, notifying the court of Defendants' publication of a Notice of Proposed Rulemaking (NPRM) on October 23, 2025, to significantly lower filing fees related to EB-5 petitions. Pls.' Notice 1, Doc. 33; *see also id.* at 4-40 (U.S. Citizenship and Immigration Services Employment-Based Immigrant Visa, Fifth Preference (EB-5) Fee Rule, 90 FR 48516 (proposed Oct. 23, 2025)). Among other things, the NPRM acknowledges that Defendants failed to complete the EB-5 fee study by the statutory deadline of March 15, 2023. *Id.* at 6 (NPRM, 90 FR at 48520 n.18) ("[T]he deadline provided in section 106(b) [of the EB-5 Reform and Integrity Act of 2022] for promulgation of the regulations has passed.").

In addition, on November 18, 2025, Plaintiffs filed a Second Notice of Supplemental Authority, *see* Doc. 34, advising the court of a "persuasive authority that is highly relevant to this case." Specifically, Plaintiffs notified the undersigned of a November 12, 2025 decision by a federal district court in the District of Colorado. *See Moody v. Noem*, 2025 WL 3157554 (D. Colo. Nov. 12, 2025). In that case, the court held, *inter alia*, that the "Final Rule's promulgation of EB-5 visa fees pursuant to § 106 of the Act violated" the APA. *Id.* at *11. Rather than invalidate the Final Rule, as the plaintiffs had requested, the *Moody* court determined that "a stay of the Final Rule's imposition of EB-5 fees—those promulgated and imposed prior to and without the guidance of § 106's mandatory fee study—is appropriate." *Id.* at *13. The court further noted that:

> [T]o the extent such a stay poses any harm to Defendants, this harm is minimal, as the notice and comment period for a revised fee rule based on the fee study ends December 22, 2025, and presumably a final rule properly promulgated consistent [with] § 106 will follow—both bringing the imposition of EB-5 fees into

accordance with law and, from the Court's current perspective, likely mooting Plaintiffs' claims.

*Id.* No appeal was taken.

Finally, the court takes judicial notice that, following the ruling in *Moody*, USCIS reverted to the EB-5 fee schedule that was previously in effect. *See* USCIS, Court Order on Partial Stay of DHS 2024 USCIS Fee Rule (Nov. 18, 2025).[3] Further, DHS is working to promulgate an updated EB-5 fee schedule and has published a notice of proposed rulemaking on that subject. *See* 90 Fed. Reg. 48,516 (Oct. 23, 2025). The comment period closed on December 22, 2025. DHS is currently reviewing the comments. Presumably, as noted by the *Moody* court, *supra*, a final rule properly promulgated will follow—bringing the imposition of EB-5 fees into accordance with law.

## II.     Discussion

On September 16, 2024, Plaintiffs filed their Motion, requested the court enter summary judgment in their favor and against Defendants on all claims; declare the portion of the Final Rule concerning EB-5 related petitions unlawful and invalid; (3) declare that Defendants' action in publishing the Final Rule is arbitrary and capricious, in violation of, *inter alia*, RIA and the APA; (4) enjoin Defendants from implementing and/or enforcing the Final Rule; (5) enjoin Defendants to comply with RIA and conduct a fee study in compliance therewith within 90 days; (6) order Defendants to refund fees in excess of those fees that would have been paid pursuant to the fee schedule in place prior to the Final Rule; and (7) award Plaintiffs their reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 2412. Brief in Support of Pls.' Mot. for Final Summ. J. 41, Doc. 20.

---

[3] *See* Court Order on Partial Stay of DHS 2024 USCIS Fee Rule (Nov. 18, 2025), available at https://www.uscis.gov/newsroom/alerts/court-order-on-partial-stay-ofdhs-2024-uscis-fee-rule (last visited Feb. 25, 2026).

On November 22, 2024, Defendants filed an opposition to Plaintiffs' Motion and a cross-motion for summary judgment. *See* Defs.' Cross-Motion, Doc. 21. Defendants argue, among other things, that Plaintiffs have not proven Article III standing to sue or proven that Defendants' promulgation of the Final Rule constituted agency action "unlawfully withheld or unreasonably delayed," or that the Rule was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See generally* Brief in Support of Defs.' Cross-Mot. for Summ. J. / Opposition to Pls.' Mot. for Summ. J., Doc. 22.

In light of the recent developments summarized above, *all of which took place after briefing closed*, the court, in the exercise of its discretion, determines that the prudent course of action is to deny the pending motions without prejudice. As noted previously, the court in *Moody* has stayed the Final Rule's imposition of EB-5 fees. *See Moody*, 2025 WL 3157554, at *11-13. Challenging the Final Rule's imposition of EB-5 fees is the gravamen of Plaintiffs' Amended Complaint and its Motion. Thwarting that challenge is the entirety of Defendants' Cross-Motion and opposition brief. Further, USCIS has reverted to the EB-5 fee schedule that was previously in effect. *See* https://www.uscis.gov/newsroom/alerts/court-order-on-partial-stay-ofdhs-2024-uscis-fee-rule (last visited Feb. 25, 2026). As previously discussed, the comment period on a proposed updated EB-5 fee schedule closed on December 22, 2025, and DHS is currently reviewing the comments. Presumably, a final rule properly promulgated will follow—bringing the imposition of EB-5 fees into accordance with law and likely mooting Plaintiffs' claims.

In consideration of the unusual posture of this case, to delve into the numerous arguments presented by the parties in their cross-motions for summary judgment would be a waste of scarce judicial resources. In addition, because the Final Rule's imposition of EB-5 fees has been stayed, and the challenged EB-5 fees are no longer being imposed, any declaration or ruling by the court

would risk amounting to nothing more than an advisory opinion. The "oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (quoting Charles Alan Wright, Federal Courts 34 (1963)).

### III.     Conclusion

Based on the foregoing, the court **denies without prejudice** Plaintiffs' Motion for Final Summary Judgment (Doc. 19), and Defendants' Cross-Motion for Summary Judgment (Doc. 21). The court **directs** the parties to file a joint status report on or before **May 1, 2026**, addressing the progress/promulgation of a final rule based on the latest fee study (where the notice and comment phase ended in December 2025) and whether any issues remain before this court.

**It is so ordered** this 26th day of February, 2026.

Sam A. Lindsay
United States District Judge